UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES TOMASSI,

                    Plaintiff,

      -against-

SUFFOLK[1] COUNTY, SUFFOLK COUNTY
POLICE,

                    Defendants.
-------------------------------------------------------------------X

**FILED**
**CLERK**

6/2/2020 2:30 pm
For Online Publication Only
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
19-CV-2537 (JMA)(AKT)

**AZRACK, United States District Judge:**

On April 30, 2019, pro se plaintiff James Tomassi ("Plaintiff") filed a complaint in this Court against Suffolk County and the Suffolk County Police Department ("SCPD" and together, "Defendants") along with an application to proceed in forma pauperis. (See ECF Nos. 1-2.) Upon review of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee, and therefore the Court grants Plaintiff's request to proceed in forma pauperis. However, the Court sua sponte dismisses the complaint, in part, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons that follow.

## I. BACKGROUND[2]

Plaintiff's brief complaint invokes this Court's federal question subject matter jurisdiction. Plaintiff alleges:

> In this case, the Constitution has been violated by ignorningthe Eighth Amendment which states that no excessive fees or fines shall issue. Also, the County police

---

[1] Although the caption of the complaint names "Suddolk County" as a defendant, the Court understands that Plaintiff seeks relief against Suffolk County.

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order. See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (finding that when reviewing a pro se complaint for sua sponte dismissal, a court is required to accept all material allegations as true). Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

1

> have misused their authority by not informing me that my car was available to be released on May 30 of last year. Presently the cost to retrieve it is many thousands of dollars, which obviously is impossible. Also, this car should never have been impounded because it was totally legal. This is a travesty of justice and a violation of my civil rights. It is a pathetic state of affairs that the County does not take their responsibility seriously to protect the rights of we the people.

See Compl. ¶ II.A.   In its entirety, Plaintiff's Statement of Claim alleges that on May 23, 2018 on Sunrise Highway in Suffolk County:

> I was pulled over in a traffic stop. The Police Officer said that he was pulling me over because my registration was suspended. This statement is not true because all fees to register the car were paid and as a matter of fact, I received the verification of payment from the insurance company a short time later. The officer was misinformed at the getgo. The car was impounded, and I was told that it would be released when the case was over. That was in January. The District Attorney has continually refused to give me the release so that I could pick the car up until yesterday, when I was told that there were no holds on the car because the case was over. I tried to make arrangements to retrieve the car, and was told it would cost over $7,000 to reclaim it. The District Attorney has been dragging this case out for months, and now Demands "excessive fees"  I was told by the impound unit that the car had been available since May 30, 2018. I never heard anything about it until today.

Id. ¶¶ IV. A-C.   For relief, Plaintiff is "requesting of the Court only that my property be returned to me as was agreed in Court."   Id. ¶ V.

## II.  DISCUSSION

**A.     In Forma Pauperis Application**

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

**B.     Standard for Dismissal**

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or

2

(iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted).

The Supreme Court has held that pro se complaints need not plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a Section 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged "must have been committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).  Second, the conduct complained of "must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

**1.   Section 1983 Claims Against the SCPD**

Plaintiff names the SCPD as a defendant.  However, the SCPD is not a suable entity because it is merely an administrative arm of the County of Suffolk, which is already a defendant in this case.  See Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010) ("It is well settled that an entity such as the Suffolk County Police Department is an 'administrative arm' of the same municipal entity as Suffolk County and thus lacks the capacity to be sued."); see also Schiff v. Suffolk Cnty. Police Dept., 12-CV-1410, 2015 WL 1774704, at *5-6 (E.D.N.Y. Apr. 20, 2015) ("[A]dministrative arms of a municipality cannot be properly sued under § 1983, as the municipality itself is the only proper defendant.").  Therefore, Plaintiff's Section 1983 claims against the SCPD are implausible as a matter of law and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

**2.   Section 1983 Claims Against Suffolk County**

Though thin, the Court declines to sua sponte dismiss Plaintiff's Section 1983 claims against Suffolk County at this early stage in the proceeding.  Accordingly, the Court directs the Clerk of the Court to issue a summons to Suffolk County and to forward the summons, together with a copy of the complaint and this order, to the United States Marshal Service ("USMS") for

4

service upon Suffolk County forthwith.[3]

### III.  CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis is granted. However, Plaintiff's claims against the SCPD are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Plaintiff's claims against Suffolk County shall proceed, and the Court respectfully directs the Clerk of the Court to issue a summons to Suffolk County and to forward the summons, together with a copy of the complaint and this order, to the USMS for service on Suffolk County forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:  June 2, 2020
            Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　　　　　  /s/ (JMA)　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[3] Administrative Order No. 2020-19 suspends service of process by the United States Marshals Service during the current national coronavirus emergency.  Once service of process is reinstated, the summons, complaint, and this order shall be served

5