| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X<br>JAMES TOMASSI,<br><br>                       Plaintiff,<br><br>      -against-<br><br>SUFFOLK[1] COUNTY, SUFFOLK COUNTY<br>POLICE,<br><br>                       Defendants.<br>----------------------------------------------------------X | For Online Publication Only<br>**FILED**<br>**CLERK**<br>9/21/2020 2:13 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**ORDER**    **LONG ISLAND OFFICE**<br>19-CV-2537 (JMA) (AKT) |

**AZRACK, United States District Judge:**

On April 30, 2019, pro se plaintiff James Tomassi ("Plaintiff") filed a complaint in this Court against Suffolk County and the Suffolk County Police Department ("SCPD" and together, "Defendants"), along with an application to proceed in forma pauperis. (See ECF Nos. 1-2.) On June 2, 2020, the Court granted Plaintiff's application to proceed in forma pauperis. However, the Court dismissed Plaintiff's claims against the SCPD with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court determined that Plaintiff's claims against Suffolk County could proceed.

On August 10, 2020, Suffolk County filed a request for a pre-motion conference concerning a proposed motion to dismiss. (ECF No. 14.) Plaintiff never responded to this letter, even though the Court's Individual Rules require parties to respond within seven days. On August 18, 2020, the Court issued an Order directing that within fourteen days, Plaintiff "provide the Court, in writing, with an address at which plaintiff can be contacted during the course of this litigation." Plaintiff was warned that "a failure to comply with this Order will lead to dismissal

---

[1] Although the caption of the complaint names "Suddolk County" as a defendant, the Court understands that Plaintiff seeks relief against Suffolk County.

1

without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." Id. (citing Perez v. McCann, No. 17-CV-6051, 2019 WL 2004762, *1 (E.D.N.Y. May 7, 2019)). A copy of the order was mailed to Plaintiff at the address listed on the docket sheet.

On August 27, 2020, the Order was returned to the Court marked, "Insufficient Address -- Unable to Forward." (ECF No. 16.) On September 9, 2020, Suffolk County filed a letter requesting that "the Court waive its pre-motion conference requirement and accept this correspondence as the County's motion to dismiss with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (ECF No. 17.)

To date, Plaintiff has not responded to either of Suffolk County's letters, the Court's orders, or otherwise communicated with the Court. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has failed to respond to both of Suffolk County's pre-motion letters and the Court's Order. The Court warned Plaintiff that failure to respond could result in the dismissal of

the case. Additionally, when Plaintiff first filed his complaint, the Court's Pro Se Office sent him a letter informing him that:

> It is your duty to prosecute your case and to keep this office informed of a current mailing address. All address changes must be submitted in writing. Failure to provide a current mailing address may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

(ECF No. 5.)

Plaintiff's failure to comply with the Court's Order to provide a current address and respond to Defendant's letter constitutes grounds for dismissal. Accordingly, this case is dismissed for failure to prosecute. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, and to close this case.

**SO ORDERED.**

Dated: September 21, 2020
    Central Islip, New York

                              /s/ JMA
                              JOAN M. AZRACK
                              UNITED STATES DISTRICT JUDGE